IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

DOUGLAS RODGERS and
WILLIAM RODGERS,

    Plaintiffs,

v.                                       Civil Action No. 5:16-cv-54
                                            (BAILEY)

SOUTHWESTERN ENERGY COMPANY,
SOUTHWESTERN ENERGY, SOUTHWESTERN ENERGY
PRODUCTION COMPANY, CHESAPEAKE
APPALACHIA, L.L.C., and
CHESAPEAKE ENERGY CORPORATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE
CHESAPEAKE APPALACHIA, LLC AND CHESAPEAKE ENERGY
CORPORATION'S MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO FILE
<u>MOTION TO AMEND COMPLAINT</u>**

Currently pending before this Court is Defendants Chesapeake Appalachia, L.L.C.'s and Chesapeake Energy Corporation's (collectively, "Chesapeake") Motion to Dismiss [Doc. 6], filed on April 25, 2016. Plaintiffs Douglas Rodgers and William Rodgers filed a Response in Opposition to Chesapeake's Motion and an Alternative Motion to Amend Plaintiffs' Complaint [Doc. 11] on May 9, 2016. Chesapeake subsequently filed a Reply to Plaintiffs' Response [Doc. 13] on May 16, 2016. The matter is now ripe for adjudication. For the reasons set forth below, this Court hereby grants Chesapeake's Motion to Dismiss

in part [Doc. 6] and grants plaintiffs leave to file a motion to amend their Complaint pursuant to Fed. R. Civ. P. 15.

## I. **BACKGROUND**:

Plaintiffs filed their Complaint in the Circuit Court of Ohio County on March 16, 2016 [Doc. 1-1], wherein they allege that they leased certain oil and gas interests in Ohio County, West Virginia, to Chesapeake and its successor, Southwestern [Doc. 1-1 at ¶ 12]. Plaintiffs contend that pursuant to the terms of the lease, Chesapeake agreed to pay 18% of the gross proceeds realized for oil and gas produced and sold from plaintiffs' land without costs or fees deducted [Id. at ¶ 14; Doc. 11-2 at 2]. Instead, Chesapeake has allegedly paid a lesser percentage than agreed upon, and calculated their payments based upon the net instead of the gross proceeds [Doc. 1-1 at ¶ 14]. Plaintiffs purportedly advised Chesapeake of this error by letter, but it has done nothing to correct the same [Id.]. This cause of action followed, wherein plaintiffs assert four causes of action and a claim for damages: (1) breach of contract; (2) conversion; (3) breach of covenant of good faith and fair dealing; (4) failure to maintain/diminution of property value;[1] and (5) a claim for damages [Doc. 1-1 at 3-7].

On April 18, 2016, Chesapeake removed this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and invoked this Court's diversity jurisdiction [Doc. 1]. Chesapeake then filed their Motion to Dismiss on April 25, 2016 [Doc. 6]. In support of their Motion to Dismiss, Chesapeake argues that all of the plaintiffs' claims should be dismissed pursuant

---

[1]This Court notes that Count IV is mistakenly transposed as Count VI. In the event an Amended Complaint is ultimately filed, this Court is confident the plaintiffs will correct this scrivener's error.

to F. R. Civ. P. 12(b)(6) for failure to state a claim and because the lease in question was not attached to the Complaint [Doc. 7 at 1]. On May 9, 2016, plaintiffs then filed a Response to Chesapeake's Motion to Dismiss [Doc. 11]. In the alternative, plaintiffs requested a period of discovery to evaluate these claims or a motion to amend the plaintiffs' Complaint [Id.]. In their Response, plaintiffs' attached the lease in question and Chesapeake's division orders [Doc. 11-2; Doc. 11-3]. In their Reply, Chesapeake reiterates many of the same arguments from its Memorandum in Support of Motion to Dismiss and again assert that plaintiffs' claims should be dismissed [Doc. 13]. They also argue that the motion to amend the complaint should not be granted because plaintiffs did not adhere to the Local Rules of Civil Procedure regarding amending pleadings for failing to attach the proposed Amended Complaint [Id. at 7-8]. The arguments made in those various pleadings will be discussed more extensively below.

## II. LEGAL STANDARD:

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," **Id**. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 1974.

### III.  DISCUSSION:

A.  Plaintiffs' Breach of Contract Claim Must be Amended to Address the Specific Issues in Controversy and Comport with Pleading Requirements.

Chesapeake first moves to dismiss plaintiffs' breach of contract claim, arguing that the claim has not been sufficiently pled [Doc. 7 at 4]. Chesapeake notes that the plaintiffs did not attach the lease at issue or identify the date, acreage, parties, any language regarding royalty provisions, the amounts paid or underpaid, or any other specific details regarding the contract [Id.]. As a result, Chesapeake argues that Count I does not provide them with "fair notice" or the basis for this claim [Id. at 5]. See **Twombly**, 550 U.S. at 555.

In their Response, plaintiffs argue that they have properly alleged the required elements for breach of contract, including the existence of a contract with the inclusion of Exhibits B, C, and D [Doc.11 at 2-3, 6]. Plaintiffs further argue that they properly alleged that they performed their contractual duties in the Complaint, because their only duty was to lease their interests and the Complaint clearly states the plaintiffs "have leased their oil and gas interest to Chesapeake" and there have been no denials contending the fact [Doc. 1-1 at ¶ 12; Doc. 11 at 6].

Of note, plaintiffs, for the first time, attached the lease in question as Exhibit B [Doc.

11-2]. The lease shows that the agreement is that plaintiffs will receive 18% "of the gross proceeds realized by Lessee for all Oil and Gas produced and sold from Leased Premises" [Id. at 2]. Plaintiffs also included division orders, showing Chesapeake calculations of payments to plaintiffs using 14% instead of 18% [Doc. 11-3 at 1-3].

To properly state a claim for breach of contract under West Virginia law, the plaintiff must allege: (1) the existence of a valid, enforceable contract; (2) that plaintiff has performed its own contractual duties; (3) that defendant has breached or violated its duties under the contract; and (4) that plaintiff has been injured as a result of defendant's violation of contractual duty. See **Wince v. Easterbrooke Cellular Corp.**, 681 F.Supp.2d 688, 693 (N.D. W.Va. 2010).

Because plaintiffs filed a motion to amend their complaint, this Court will not address whether the claim for breach of contract is sufficiently pled, and instead grants the plaintiffs leave to amend their complaint. Plaintiffs have appended a Motion to Amend the Plaintiffs Complaint to their Response [Doc. 11 at 9].[2] However, as Chesapeake correctly notes, this Court's L. R. Civ. P. 15.01 requires that, "any party filing a motion to amend a pleading that requires leave of court to file shall attach to that motion a signed copy of the proposed amended pleading." See L.R. Civ. P. 15.01. Plaintiffs did not attach a copy of the proposed amended complaint to their Response. Accordingly, this Court cannot grant the Motion to Amend. However, this Court has broad discretion to allow plaintiffs to amend

---

[2] This Court reminds plaintiffs that, pursuant to Fed. R. Civ. P. 15(a)(1)(b), a given plaintiff has "21 days after service of a motion under Rule 12(b)" to amend their complaint. Plaintiffs would have done well to amend the instant complaint and attach copies of the contract at issue after this Motion was filed in the interests of judicial economy and the convenience of the parties.

their Complaint in order to meet the pleading requirements even after the 21 day "grace period" ends. *See* F. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Accordingly, plaintiffs are granted leave to re-file their Motion to Amend the Complaint with the proposed amended complaint attached as required by L. R. Civ. P. 15.01.

> B. <u>The Claim for Conversion Should Be Dismissed Because the "Gist of the Action" Doctrine Bars Recovery in Tort When a Claim is Rooted in a Breach of Contract Claim</u>.

Chesapeake next moves to dismiss the conversion claim. Plaintiffs claim that defendants have willfully interfered with plaintiffs' mineral rights and deprived plaintiffs of their property [Doc. 1-1 at ¶¶ 24-25]. Plaintiffs claim defendants have taken control over plaintiffs' property and converted as defendants' own, contrary to law. [Id. at ¶¶ 25-26]. Plaintiffs claim, as a direct and proximate consequence of defendants' actions, they have suffered damages [Id. at ¶ 25].

Chesapeake argues that the "gist of the action" doctrine bars any recovery in tort where the breach is grounded in a contractual relationship [Doc. 7; *citing* **Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love**, 231 W.Va. 577, 586, 746 S.E.2d 568, 577 (2013)]. Chesapeake argues that since the plaintiffs are seeking recovery from an alleged breach of contract, a claim of conversion cannot be sustained. In the plaintiffs' Response, they argue that every time Chesapeake pays less than the plaintiffs' contractual share, Chesapeake is using the plaintiffs' gas, oil, or money as their own [Doc. 11 at 7]. In their Reply, Chesapeake again argues the "gist of the action" doctrine and argues that the plaintiffs did not provide supporting law that their conversion claim can be sustained [Doc. 13 at 6].

The "gist of the action doctrine" applies where one of the following four factors is present:

> "(1) where liability arises solely from the contractual relationship between the parties; (2) where the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim."

**Gaddy Eng'g Co.**, 231 W.Va. at 586, 746 S.E.2d at 577 (2013). In short, to determine whether a tort claim can be sustained separate from the breach of contract claim, the court must examine "whether the parties' obligations are defined by the terms of the contract." *Id.*

Here, obvious from the briefs filed by both parties, the central issue of this case is predicated upon an alleged breach of contract. Plaintiffs claim that Chesapeake has not paid the proper amount to plaintiffs, as obligated by their lease. Plaintiffs then argue that since they are being underpaid, Chesapeake is keeping the plaintiffs' money, using the plaintiffs' money, or using the oil and gas. That, plaintiffs argue, constitutes a conversion. Assuming this is a valid conversion claim, the claim is still more appropriately categorized as a breach of contract claim because it derives from a failure to perform contractual duties and the plaintiffs even admit that the "crux of the complaint is that the plaintiffs and defendants made an agreement for an oil and gas lease" [Doc. 11 at 2].

Plaintiffs are essentially attempting to recast their breach of contract claim as a separate conversion claim, which is prohibited by the "gist of the action" doctrine. The gist of the action doctrine was intended to "prevent the recasting of a contract claim as a tort claim." **Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC**, 785 F.3d 104, 115 (4th Cir.

2015) (quoting **Gaddy Eng'g Co.**, 231 W.Va. at 586, 746 S.E.2d at 577 (2013)). By bringing a conversion claim, plaintiffs are trying to do exactly what the "gist of the action" doctrine was designed to avoid. Accordingly, Count II is dismissed because the claim for conversion arises from an alleged breach of a contractual obligation.

C. <u>Count III for Claim of Breach of Covenant of Good Faith and Fair Dealing is Dismissed Because West Virginia Does Not Acknowledge This Claim as a Separate, Independent Claim.</u>

Chesapeake moves to dismiss Count III, a claim for breach of covenant of good faith and fair dealing. Plaintiffs argue there is an implied covenant of good faith and fair dealing between defendants and plaintiffs based on their contractual relationship [Doc.1-1 at ¶¶ 27-28]. Plaintiffs claim defendants breached the covenant of good faith and fair dealing by not abiding by the terms of the contract [Id. at ¶ 31].

Chesapeake argues that it is "well-established" that West Virginia does not acknowledge an independent cause of action for a breach of covenant of good faith [Doc. 7 at 6]. In the Plaintiffs' Response, plaintiffs argue that Chesapeake's breach of covenant of good faith and fair dealing is "so inappropriate that it merits spelling it out in a separate claim" and that the Court should allow the count to proceed, further refining the breach of contract claim [Doc. 11 at 8]. Chesapeake, in their Reply, reiterate the point that West Virginia does not acknowledge this as an independent claim [Doc. 13 at 4]. They further argue that the proper way to "refine" plaintiffs' breach of contract claim is to include the necessary facts within their breach of contract claim, not by asserting a separate claim [Id. at 5].

It is well-established that the West Virginia Supreme Court of Appeals does not recognize a breach of the implied covenant of good faith and fair dealing as its own

independent claim. See **Highmark W. Virginia, Inc. v. Jamie**, 221 W.Va. 487, 492, 655 S.E.2d 509, 514 (2007) ("[W]e recognize that it has been held that an implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim[.]"). See also, **Evans v. United Bank, Inc.**, 235 W.Va. 619, 628, 775 S.E.2d 500, 509 (2015) (citing **Jamie**); **Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP**, 231 W.Va. 577, 587, 746 S.E.2d 568, 578 (2013) (citing **Jamie**). The Court agrees with Chesapeake and the count for breach of covenant of good fath and fair dealing is dismissed because West Virginia does not recognize a breach of the covenant of Good Faith and Fair Dealing as a claim separate and independent of a breach of contract claim.

> D. <u>Count IV for Failure to Maintain and Diminution in Property Value is Dismissed As To Chesapeake Because the Claim is Against Southwestern and Not Chesapeake</u>.

Chesapeake moves to dismiss the claim for failure to maintain/diminution in property value. Plaintiffs claim defendants have a duty to maintain the installations on plaintiffs' property and a duty to confine their operations to the right of way [Doc. 1-1 at ¶ 34]. Plaintiffs claim defendants have used more area than agreed upon, and that defendants should have to pay for the increased area use because it has caused decreases in property value [Id. at ¶¶ 34-39].

Chesapeake argues that the Complaint does not address the cause of action under which plaintiffs are proceeding, the plaintiffs are only using conclusory statements, and do not allege the source of the duty to maintain infrastructure or allege the source or terms regarding the right-of-way [Doc. 7 at 8]. In the plaintiffs' Response, they write succinctly that the "property damage claim is against current operator Southwestern and not Chesapeake" [Doc. 11 at 8].

Accordingly, the claim for failure to maintain and diminution in property value is dismissed as to Chesapeake.

E. The Claim for Damages Is Dismissed for Failure to State a Claim

Plaintiffs claim they are entitled to damages for the aforementioned claims [Doc. 1-1 at ¶¶ 40-49]. Chesapeake moved to dismiss the claim for damages because they argue it is just a recitation of the damages sought by plaintiffs and is not a valid independent claim for recovery [Doc. 13 at 7]. In their Response, plaintiffs state that Count V, the claim for damages "is not an independent count of the legal claim" for recovery, but is instead simply stating the amount in damages plaintiffs believe they are entitled to [Doc. 11 at 9]. In their Reply, Chesapeake argues that the proper way to set forth damages plaintiffs seek to recover is not by asserting a separate count, and that since the plaintiffs agree that Count V is not an independent claim that Count V should be dismissed [Doc. 13 at 7].

West Virginia does not recognize an independent cause of action for damages. *See* **Lyon v. Grasselli Chem. Co.**, 106 W.Va. 518, 146 S.E. 57, 58 (1928) ("[T]he right to recover punitive damages in any case is not the cause of action itself, but a mere incident thereto."); **Perrine v. E.I. du Pont de Nemours & Co.**, 225 W.Va. 482, 567, 694 S.E.2d 815, 900 (2010) (*citing* **Lyon**). Because West Virginia does not recognize a claim for damages as a separate claim, Count V fails under F. R. Civ. P. 8(a)(2) for failure to state a claim.

In order to properly state a claim for relief, plaintiffs are required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must use more than mere "labels and conclusions" to

claim relief. *Id.*

Here, plaintiffs do not list out additional facts that could constitute elements of causes of actions, but instead use various conclusory statements claiming they are entitled to damages for reasons stated in their other counts. Plaintiffs themselves state that Count V is not an independent claim [Doc. 11 at 9].

Accordingly, Count V, the claim for damages, is dismissed without prejudice and plaintiffs may properly assert the damages they argue they are entitled to in their amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court grants plaintiffs leave to amend their complaint and finds that the Motion to Dismiss is to be granted in part for plaintiffs' failures to state valid claims for relief. First, the conversion claim is not a valid claim because it is a tort claim rooted in the breach of contract. Second, the breach of covenant of good faith and fair dealing claim is not a valid claim because it is included within the breach of contract claim and West Virginia does not recognize it as a separate action. Third, the failure to maintain property and diminution in property value claim is dismissed as to Chesapeake because plaintiffs admit their claim is against Southwestern and not Chesapeake. Finally, the claim for damages is not a valid claim because plaintiffs acknowledge that it is not an independent claim and West Virginia does not acknowledge a claim for damages as an independent clause of action.

This Court finds that the Defendant Chesapeake's Motion to Dismiss **[Doc. 6]** is **GRANTED IN PART and DENIED IN PART**. Additionally, plaintiffs may refile their Motion to Amend **[Doc. 11 at 9]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 13, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE